UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

---

KEN DALE,

       Plaintiff,

  v.

INDUSTRIAL FABRICATION LLC,

       Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiff Ken Dale alleges the following for his complaint against Defendant Industrial Fabrication LLC.

## NATURE OF THE CASE

1. This is an employment case about disability discrimination and the troubling (and altogether unfounded) stigmas and stereotypes that some employers hold about employees suffering from mental health conditions.

2. Plaintiff Ken Dale worked for Defendant Industrial Fabrication LLC and disclosed to the company that he was suffering from depression and anxiety. Dale also told the company that he had started taking medication for his disability and mental health condition.

3. Shortly after Dale made those courageous disclosures, Defendant fired Dale and

when it did so, Defendant screamed at Dale, "I don't need a psycho, pill popping, bi-polar, schizophrenic taking pills because his other pills won't work."

4. Before making these comments, Defendant never gave Dale a reason for his firing or ending his employment but Defendant's comments to Dale while firing him made the reasons for his dismissal rather obvious: disability discrimination and retaliation.

5. Because of Defendant's discrimination and its retaliation in violation of the Americans with Disabilities Act and Michigan's Persons with Disabilities Civil Rights Act, Dale has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Ken Dale is an individual person who resides in Berrien County, Michigan.

7. Defendant Industrial Fabrication is a limited liability company organized under the laws of the State of Michigan. Defendant operates a manufacturing facility located in Berrien County, Michigan.

8. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

9. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Americans with Disabilities Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The ADA also independently provides for subject matter jurisdiction in the United States Courts. 42 U.S.C. §2000e–5(f)(3); 42 U.S.C. § 12117(a).

10. The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those

claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

11. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

12. Plaintiff Ken Dale worked for Defendant as a machinist at the company's manufacturing facility in Bridgman, Michigan from February 14, 2022 until July 11, 2022. Dale previously worked for the company from May 2021 until September 2021, and then also from September 2003 until July 2014.

13. Dale suffers from a disability (depressive disorder and generalized anxiety disorder).

14. Dale could perform the essential functions of his job for Defendant, with or without a reasonable accommodation, and he did so performing his job to the satisfaction of Defendant at all times.

15. Dale's anxiety substantially limited (and still limits) his ability to, among other things, concentrate, think, communicate, interact with others, and work.

16. Dale disclosed to the company that he was suffering from a disability. And, in late June 2022, Dale disclosed to the company that he had begun taking medication for his disability and mental health condition.

17. Then, just a couple weeks after Dale disclosed that he had been taking medication for his disability and mental health condition, the company's plant manager fired Dale.

18. Defendant's plant manager told Dale—or more accurately screamed at Dale—as he was firing him that, among other things, "I don't need a psycho, pill popping, bi-polar, schizophrenic taking pills because his other pills won't work."

19. Defendant never provided Dale with a legitimate or lawful reason for his firing and Defendant's comments to Dale while firing him made the reasons for the termination of his employment plain and obvious: disability discrimination and retaliation.

20. Dale filed a charge of discrimination against Defendant and has otherwise satisfied all administrative prerequisites to filing his causes of action.

### COUNT 1
#### DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

21. Dale repeats and incorporates all the previous allegations in his complaint.

22. Dale has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Dale as having a disability and Dale had a history of having a disability.

23. Dale was a qualified individual able to perform the essential functions of the job he performed for Defendant.

24. Defendant terminated Dale's employment.

25. Defendant terminated Dale's employment because of his disability, his history of a disability, and the fact that Defendant regarded him as disabled.

26. Dale suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### COUNT 2
#### DISABILITY DISCRIMINATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

27. Dale repeats and incorporates all the previous allegations in his complaint.

28. Dale has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to his ability to perform the duties of his job with Defendant. Defendant also regarded Dale as having a disability and Dale had a history of having a disability.

29.    Defendant terminated Dale's employment.

30.    Defendant terminated Dale's employment because of his disability, his history of a disability, and the fact that Defendant regarded him as disabled.

31.    Dale suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3
### RETALIATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

32.    Dale repeats and incorporates all the previous allegations in his complaint

33.    Dale has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Dale as having a disability and Dale had a history of having a disability.

34.    Dale disclosed to Defendant that he had started taking medication for his disability and mental health condition.

35.    Defendant terminated Dale's employment.

36.    Defendant terminated Dale's employment and retaliated against him because of his protected activities and there was a causal connection between Dale's protected activities and the adverse employment actions Defendant took against him.

37.    Dale suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4
### RETALIATION IN VIOLATION OF MICHIGAN'S
### PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

38.    Dale repeats and incorporates all the previous allegations in his complaint.

39.    Dale has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to his ability to perform the duties of his job with Defendant. Defendant also regarded Dale as having a disability and Dale had a history of having a disability.

40. Dale disclosed to Defendant that he had started taking medication for his disability and mental health condition.

41. Defendant terminated Dale's employment.

42. Defendant terminated Dale's employment and retaliated against him because of his protected activities.

43. Defendant retaliated against Dale because of his protected activities and there was a causal connection between Dale's protected activities and the adverse employment actions Defendant took against him.

44. Dale suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### JURY DEMAND

45. Dale demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

### RELIEF REQUESTED

46. Plaintiff Ken Dale requests that the Court enter a judgment in his favor and against Defendant in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

47. Dale also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

KEN DALE

Dated: April 17, 2023   By:   /s/ Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com